# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NANCY LYNN WOOD,**

      **Plaintiff,**

v.                                                                              Case No: 6:20-cv-963-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION[1]

Nancy Lynn Wood ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits. Claimant raises three arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed for an award of benefits, or alternatively, remanded for further administrative proceedings. Doc. No. 35, at 11, 28, 31, 38. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id*. at 38–39. For the reasons discussed herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY.

On August 24, 2017, Claimant filed an application for disability insurance benefits, alleging

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 37–39.

that she became disabled on January 14, 2015. R. 10, 191–92.[2] Her claim was denied initially and on reconsideration, and she requested a hearing before an ALJ. R. 86, 102, 124, 133. A hearing was held before the ALJ on April 26, 2019, at which Claimant was represented by a non-attorney representative. R. 33–56. Claimant and a vocational expert ("VE") testified at the hearing. *Id.*

Following the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 10–21. Claimant sought review of the ALJ's decision by the Appeals Council. R. 187–90. On March 30, 2020, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II. THE ALJ'S DECISION.[3]

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a). R. 10–21.[4] The ALJ first found that Claimant last met the insured status requirements of the Social Security Act on December 31, 2015. R. 12. The ALJ concluded that Claimant had not engaged in substantial gainful activity during the period from her

---

[2] The record reflects that Claimant also filed prior applications for disability insurance benefits and supplemental security income on September 11, 2012. R. 60. Those claims were denied on January 13, 2015. R. 37, 60–74. The Commissioner's final decision was affirmed. *See Nancy Lynn Wood v. Comm'r of Soc. Sec.*, No. 6:16-cv-1151-Orl-RBD-TBS, Doc. Nos. 22–24 (M.D. Fla.).

[3] Upon a review of the record, the Court finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 35. Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference and only restates them herein as relevant to considering the issues raised by Claimant.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

alleged disability onset date (January 14, 2015) through her date of last insured (December 31, 2015). *Id.*[5] The ALJ then found that Claimant suffered from the following severe impairments: obesity; degenerative disc disease of the thoracic and lumbar spine with left lumbar radiculopathy; sacroiliac joint dysfunction; and sciatica. *Id.* The ALJ also found that Claimant had several impairments that were non-severe, which included: mild degenerative disc disease of the cervical spine; occipital neuralgia; carpal tunnel syndrome; arthralgia of the left knee with a small Baker's cyst; mixed hyperlipidemia; migraine headaches; depressive disorder; and anxiety disorder. R. 12–13. The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 15.

After careful consideration of the entire record, the ALJ determined that Claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in the Social Security regulations,[6] with the following limitations:

> [S]he could not climb ladders or scaffolds and she could occasionally climb ramps and stairs. She could occasionally stoop and crouch and she could frequently kneel and crawl. She could not work at unprotected heights and she could not operate a motor vehicle.

R. 15.

---

[5] Although Claimant worked after the alleged disability onset date, the ALJ concluded that such work activity did not rise to the level of substantial gainful activity. R. 12.

[6] The social security regulations define sedentary work to include:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a).

Based on this assessment, the ALJ concluded that Claimant was capable of performing past relevant work as a bookkeeper, which the ALJ found did not require the performance of work-related activities precluded by Claimant's RFC. R. 19–20. The ALJ alternatively concluded that, based on the testimony of the VE, Claimant was capable of making a successful adjustment to other work existing in significant numbers in the national economy, representative occupations for which included document preparer; telephone quotation clerk; and call out operator. R. 20–21. Accordingly, the ALJ concluded that Claimant was not under a disability, as defined by the Social Security Act, from her alleged disability onset date through her date of last insured. R. 21.

## III. STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the

decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.     ANALYSIS.**

In the joint memorandum, which the Court has reviewed, Claimant raises three assignments of error:   (1) the ALJ erred in her consideration of Claimant's subject complaints of pain; (2) the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to weigh the medical opinions of Claimant's treating physician Dr. Michael Creamer and failed to adequately consider Claimant's need for use of a cane; and (3) the ALJ erred in relying on the testimony of the VE after posing a hypothetical to the VE that did not accurately reflect Claimant's limitations.   Doc. No. 35.   The Court finds Claimant's argument regarding use of a cane dipositive of this appeal, and reversal of the Commissioner's final decision is warranted on this basis.   For the sake of completeness, however, each issue raised by Claimant will be addressed in turn.

A.     <u>Claimant's Subjective Complaints of Pain</u>.

In the joint memorandum, Claimant argues that the ALJ's consideration of her subjective complaints was insufficient.   Doc. No. 31, at 31–34.   Specifically, Claimant contends that the ALJ's credibility determination was "nothing more than boilerplate type language commonly found in Social Security decisions" and that the ALJ otherwise failed to provide sufficient reasons for discounting Claimant's testimony.   *Id.*

A claimant may establish disability through his or her own testimony of pain or other subjective symptoms.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. § 404.1529(c)(1)–(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain. *Id*. § 404.1529(c)(3)(i)–(vii).

Here, the ALJ summarized Claimant's subjective complaints made in function reports, pain questionnaires, anxiety questionnaires, as well as her hearing testimony. R. 16–17. Then, the ALJ stated as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 17.   The ALJ went on to review the medical and opinion evidence of record and then stated as follows:

> The undersigned finds that during the period in question, the claimant's allegations and testimony and the allegations of the claimant's husband to be only partially consistent with the evidence.  The medical evidence does not establish headaches, weakness, fatigue, numbness, pain, anxiety, depression or any other symptom of the level and severity that would result in debilitating limitations.  Nor does the medical evidence establish any medication side effects that would result in debilitating limitations and while at hearing, the claimant reported medication side effects that included tiredness, dizziness and sleepiness, she consistently denied medication side effects to her doctors during the period in question.  While at hearing, the claimant testified that she was disabled and unable to work due to her physical and mental impairments, in application documents, she indicated that she stopped working because the "Company closed their doors."  While at hearing, the claimant alleged family members would do her grocery shopping for her, in function reports, she conceded that she would shop in stores.  While at hearing, she claimed she needed help getting in the tub and drying herself off, in a function report, she acknowledged that she was able to take care of her personal care needs without issue.  While in one report, she indicated she did not prepare any meals, in a second report and at hearing, she admitted that she would prepare simple meals.  Although in one report, she stated she did no housework, in a second report she admitted she would do laundry.  While in one function reports and at hearing, she claimed she did not drive, in a second function and pain reports she admitted she in fact did.  At hearing and in function reports, she has reported weakness, numbness and in her hands and legs and major problems with her hips and knees.  However, her physical evaluations during the period in question showed that she had a full range of motion in her extremities, normal strength in her upper extremities and intact sensation.  Additionally, her shoulders, elbows, hands, hips and pelvis were said to be normal.  While there is some indication she used a cane during this period, she has admitted that it was not prescribed and there is no indication that she require the use of a brace on the upper or lower extremities.  The claimant did not require[] inpatient hospitalizations for mental or physical problems, emergency room visits, crisis center visits, Baker Act admissions, surgeries, physical therapy or chronic pain management treatment.  The claimant's treatment was conservative and sporadic only.  The claimant's activities of daily living were self-restricted, as no treating source advised the claimant to stay home all day, to lie down during the day or to restrict activities of daily living in any manner.  Nor was the claimant advised to refrain from performing all gainful work activity.  While the claimant had issues with her back in 2015, the undersigned sees nothing that would have prevented her from performing a wide range of sedentary work.  While the claimant's condition has clearly deteriorated in the past few years that deterioration did not occur prior to December 31, 2015.

R. 19.

Based on the foregoing, this is not a case where the ALJ wholesale rejected Claimant's subjective complaints of pain; instead the ALJ found the subjective complaints only partially consistent with the evidence. *See id.* And despite Claimant's argument to the contrary, the ALJ's discussion of Claimant's subjective complaints was not limited to the boilerplate credibility language found in most disability decisions. Instead, the ALJ provided several reasons in support of her credibility determination, including, among other things, that (1) Claimant's subjective complaints were inconsistent with the medical evidence of record; (2) Claimant's subjective complaints in the function reports were inconsistent and sometimes in conflict with her hearing testimony; and (3) Claimant's treatment was conservative and sporadic. *See id.*

In the joint memorandum, Claimant does not address the ALJ's decision in any detail, merely stating that the ALJ did not "provide explicit reasons for discounting the claimant's credibility." Doc. No. 35, at 34. The Court disagrees. And, the relevant inquiry is not whether there is evidence to support the Claimant's allegations, but whether there is substantial evidence to support the ALJ's credibility determination. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (alterations and citation omitted) ("Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision reached is supported by substantial evidence."); *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (when reviewing the ALJ's credibility determination "[t]he question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.").

Because the ALJ provided adequate reasons for discounting Claimant's subjective complaints of pain, Claimant's first assignment of error is unpersuasive. *See, e.g., Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 766–67 (11th Cir. 2014) (finding ALJ's discussion of

objective medical evidence of record provided "adequate reasons" for ALJ's decision to partially discredit the claimant's subjective complaints of pain); *May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 958 (11th Cir. 2007) (finding ALJ provided sufficient reasoning to partially discredit the claimant's subjective complaints of pain when ALJ found that the claimant's symptoms were inconsistent with the objective evidence of record, as well as the claimant's activities of daily living).[7]

B. <u>Medical Opinions of Dr. Creamer</u>.

Claimant also argues that the ALJ erred in her RFC determination based on her failure to assign weight to the opinions of Claimant's treating physician, Dr. Creamer. Doc. No. 35, at 11–16.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Claimant filed her application for disability insurance benefits on August 24, 2017. R. 10, 191–92. Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or

---

[7] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 404.1520c(a). Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id.* § 404.1520c(c). However, "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, No. 4:18CV693CDP, 2019 WL 3412616, *4 (E.D. Mo. July 29, 2019)). *See also Torres v. Comm'r of Soc. Sec. Admin.,* No. 6:19-cv-1662-Orl-PDB, 2020 WL 5810273, at *5 (M.D. Fla. Sept. 30, 2020) (finding no error where ALJ did not specifically address in the decision any factors other than supportability and consistency).

Pursuant to the new regulations, a "medical opinion" is defined as "a statement from a medical source about what [the claimant] can still do despite [his/her] impairments(s)" and whether the claimant has any functional limitations or restrictions regarding certain enumerated abilities. 20 C.F.R. § 404.1513(a)(2). A "medical opinion" does not include "judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis,

treatment prescribed with response, or prognosis." *Id.* § 404.1513(a)(3) (defining these categories of information as "other medical evidence").

Here, Claimant argues that:

> [T]he records of Dr. Creamer show that the claimant's symptoms were aggravated by sitting, standing and walking (Tr. 380, 760); the claimant had loss of feeling in right hand (Tr. 380); the claimant had an antalgic gait requiring a cane (Tr. 384, 760, 770); claimant's pain was not adequately controlled (Tr. 385, 765, 770); claimant had difficulties with activities of daily living (Tr. 767); claimant's neck pain was aggravated by flexion, lifting, rotation, and turning head (Tr. 767); and claimant experienced wrist pain aggravated by lifting and movement with associated decreased mobility and weakness. (Tr. 767).

Doc. No. 35, at 15–16. Claimant argues that because the ALJ does not state how these limitations found by Dr. Creamer were factored into the RFC determination, it is impossible to know whether the RFC determination is supported by substantial evidence. *Id.* at 16.

On review, as the Commissioner argues, Claimant has not demonstrated that any of the records she cites contain a medical opinion by Dr. Creamer as defined under the Social Security regulations. *See* 20 C.F.R. § 404.1513(a). Accordingly, Claimant has not established reversible error with regard to the ALJ's consideration of Dr. Creamer's medical records.

As an initial matter, the ALJ expressly considered the records cited by Claimant in the decision, each of which are clinical treatment records from Central Florida Pain Relief Centers. *See* R. 18 (discussing office visits with Dr. Creamer on August 3, 2015, October 1, 2015, and December 3, 2015 found at Exhibits B5F and B19F). And although Claimant contends that the ALJ failed to weigh Dr. Creamer's opinions in those records, Claimant points to nothing in those records besides "medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis" *see* 20 C.F.R. § 404.1513(a)(3), or Claimant's own subjective complaints, none of which constitute "medical opinions" under the Social Security regulations, *see id.* § 404.1513(a)(2). Accordingly, Claimant's argument that the ALJ failed to weigh Dr. Creamer's "medical opinions" is

unpersuasive. *See also Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) ("The administrative law judge was not required to state what weight he assigned to medical records that did not qualify as medical opinions. An administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion.").[8]

For these reasons, Claimant has failed to establish reversible error in the ALJ's failure to weigh any medical opinions of Dr. Creamer.

C. Claimant's Use of a Cane.

Claimant also argues that the ALJ erred in the RFC determination by failing to include Claimant's need for a cane, in contravention of Social Security Ruling ("SSR") 96-9P. Doc. No. 35, at 16–18 (citing SSR 96-9P, 1996 WL 374185, at *7).

SSR 96-9P provides as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. . . . .

SSR 96-9P, 1996 WL 374185, at *7. SSR 96-9P further provides that the use of a hand-held assistive device can erode the occupational base for sedentary work. *See id.*[9]

---

[8] To the extent that Claimant is contending that the ALJ erred in failing to consider Dr. Creamer's medical opinion that Claimant required a cane to ambulate, the records do not support Claimant's assertion. *See* R. 384, 770 (stating only "Gait – antalgic, cane" without further explanation and no indication that Dr. Creamer was either prescribing a cane or recommending that Claimant use a cane). In any event, Claimant separately addresses the adequacy of the ALJ's consideration of her use of a cane in the joint memorandum, and thus, that issue is addressed next, below.

[9] SSRs are binding on the SSA, but they are not binding on this Court. *See Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) ("Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance." (citing *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981))).

Thus, "[u]nder SSR 96-9p, a claimant must present medical documentation (1) establishing her need for a cane or other device and (2) describing the circumstances for which it is needed." *Charity v. Comm'r of Soc. Sec.*, No. 6:19-cv-1075-Orl-EJK, 2020 WL 5797623, at *3 (M.D. Fla. Sept. 29, 2020) (citation omitted). "Without such a showing, an administrative law judge would not be required to include the use of an assistive device in the RFC or the hypothetical to the vocational expert." *Id.* (citation omitted). However, courts have found that "if the record contains information showing a claimant uses a cane, an ALJ should explicitly consider whether the claimant has a medical necessity for using such a hand-held device." *Ebenroth v. Saul*, No. CV 119-001, 2020 WL 583057, at *4 (S.D. Ga. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 583166 (S.D. Ga. Feb. 5, 2020). "If the ALJ does not affirmatively reject the need for a cane, the Court cannot be sure whether he intended to recognize it. . . . Even if an ALJ meant to reject the medical necessity of [a claimant's] cane, he err[s] by failing to explain his reasons for doing so." *Id.* (alterations in original and quotation marks omitted) (quoting *Carter v. Astrue*, No. 3:10-cv-22-J-TEM, 2011 WL 4502024, at *10 (M.D. Fla. Sept. 28, 2011)).

In the joint memorandum, Claimant argues that the record reflects that she required use of a cane to ambulate due to her antalgic gate, and she also points to her hearing testimony that she required a cane. Doc. No. 35, at 17. According to Claimant, the ALJ "does not affirmatively indicate whether she rejected the claimant's need for a cane," and thus, the ALJ reversibly erred. *Id.*

Based on the facts of this case, the Court agrees. As Claimant argues, medical records from the relevant period consistently demonstrate that Claimant used a cane to ambulate due to her antalgic gait. *See, e.g.*, R. 345, 384, 764, 770, 907, 914, 921. And at the administrative hearing before the ALJ, the following exchange occurred between Claimant and the ALJ:

> Q Okay. I noticed that you have a cane with you today. How long have you been using that?
>
> A I've had the cane I believe since 2013 or '14.
>
> Q Was that prescribed or did you just pick it up on your own?
>
> A It was recommended to me by Dr. Creamer and my primary care physician, Dr. Kristy Magee, to get it.
>
> Q Why do you think it was recommended?
>
> A Because of the numbing going down into my right and left leg and the times that I had lost my balance and fell. They thought that it would help me to possibly stabilize my balance.

R. 47–48.

In the decision, the ALJ recognizes that the record reflects that Claimant used a cane to ambulate during the relevant period. *See* R. 18. Nonetheless, the ALJ did not include the use of a cane in the RFC determination, nor did the ALJ otherwise make an affirmative determination that Claimant did not require the use of a cane to ambulate. *See, e.g.*, *Drawdy v. Astrue*, No. 3:08-cv-209-J-HTS, 2008 WL 4937002, at *4 (M.D. Fla. Nov. 17, 2008) ("Because the ALJ did not affirmatively reject the need for a cane, the Court cannot be sure whether he intended to recognize it."). And, the ALJ's sole statement that "While there is some indication [Claimant] used a cane during this period, she has admitted that it was not prescribed and there is no indication that she require the use of a brace on the upper or lower extremities" is insufficient. R. 19. Specifically, to the extent that the ALJ treats the lack of record evidence of a prescription for the cane as dispositive to whether Claimant required the use of a cane, courts in this Circuit have concluded that "a prescription or the lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." *See Williams v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-764-J-MCR, 2019 WL 2511592, at *3 (M.D. Fla. June 18, 2019) (quoting *Kendrick v. Comm'r of Soc. Sec.*, No.

5:17-cv-244-Oc-18PRL, 2018 WL 4126528, at *3 (M.D. Fla. July 9, 2018) (internal citations omitted) (*report and recommendation adopted by* 2018 WL 4112832 (M.D. Fla. Aug. 29, 2018)); *see also Duncan v. Colvin*, No. 1:15-CV-2091-JFK, 2016 WL 1253458, at *10 (N.D. Ga. Mar. 31, 2016); *Norman v. Comm'r of Soc. Sec.*, No. 8:14-cv-1498-T-30MAP, 2015 WL 4397150, at *5 (M.D. Fla. July 16, 2015); *Wright v. Colvin*, No. CV 313-079, 2014 WL 5591058, at *4 (S.D. Ga. Nov. 3, 2014).

Moreover, as discussed above, the ALJ never affirmatively rejects (or adopts) Claimant's need to use a cane for ambulation. Without such a determination, it is not possible for this Court to determine whether the decision is supported by substantial evidence. *See, e.g.*, *Ebenroth*, 2020 WL 583057, at *7, *report and recommendation adopted*, 2020 WL 583166 (S.D. Ga. Feb. 5, 2020) (remanding social security appeal where the record contained multiple notations of the claimant's use of a cane, the claimant testified as to the use of a non-prescription cane, but the ALJ never made an affirmative finding regarding the claimant's need to use a cane); *Williams*, 2019 WL 2511592, at *4 (remanding social security appeal where the ALJ acknowledged the claimant's use of a cane, but failed to specifically discuss whether the cane was medically necessary, and there were multiple references in the record to the claimant's gait and use of a cane, including the claimant's testimony at hearing that she used a cane for balance); *Drawdy*, 2008 WL 4937002, at *3 & n.3 (remanding upon review of ALJ's failure to affirmatively address the need for a cane and explain his reasons for entirely rejecting the alleged limitation, to the extent he meant to do so).[10]

---

[10] In the joint memorandum, the Commissioner seems to argue that because there was no documentation demonstrating that Claimant was prescribed a cane, Claimant has not established the medical necessity for a cane. Doc. No. 35, at 27–28. However, as discussed herein, "a prescription or the lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." *Williams*, 2019 WL 2511592, at *3. The Commissioner also points to *Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913 (11th Cir. 2019), for the assertion that the Court need not accept Claimant's subjective report that a doctor prescribed a cane when there is no record evidence to support that subjective report. *See* Doc. No. 35, at 28. However, *Coley* is factually distinguishable, and the Court does not find it persuasive here. Specifically, in

"While under certain facts and circumstances an individual using a medically required hand-held assistive device, for example one who uses such a device in one hand, can perform sedentary work, the Court is unable to determine whether such facts or circumstances exist in this case," *see Parker v. Comm'r of Soc. Sec.*, No. 2:16-cv-352-FtM-CM, 2017 WL 1372157, at *7 (M.D. Fla. Apr. 17, 2017), because there is no information before the Court as to whether the occupational base for the sedentary jobs identified by the ALJ would be eroded by the requirement that Claimant use a cane to ambulate. *See also Ebenroth*, 2020 WL 583057, at *8, *report and recommendation adopted*, 2020 WL 583166 (S.D. Ga. Feb. 5, 2020) (rejecting the Commissioner's harmless error argument because "[o]n this record, . . . the Court is unable to conclude a hand painter, document specialist, and telephone quotation clerk would never be required to perform work that could be impacted by needing to use a cane in one hand"); *Drawdy*, 2008 WL 4937002, at *3 (finding the ALJ reversibly erred in failing to properly consider the claimant's use of a cane, and finding that inclusion of a cane restriction in the RFC determination "could alter the outcome of this case" because it was not clear the effect such restriction would have on the occupational base).

Accordingly, based on the foregoing, this matter must be reversed and remanded for further proceedings based on the ALJ's failure to adequately consider Claimant's need for use of a cane.[11]

---

*Coley*, in addition to the lack of a prescription in the record to support the claimant's statement that the cane was prescribed by a doctor, the Court also noted that the medical records did not mention that the claimant needed a cane, and that the records consistently indicated that the claimant had a normal gait and never mentioned a cane. *Coley*, 771 F. App'x at 918. Here, in contrast, the record is replete with medical records documenting Claimant's use of a cane, and the record also consistently demonstrates that Claimant ambulated with an antalgic gait. *See, e.g.*, R. 345, 384, 764, 770, 907, 914, 921. Accordingly, the Commissioner's reliance on *Coley* is unpersuasive.

[11] In remanding this matter for further administrative proceedings, the Court is not suggesting that the ALJ reach any particular conclusion. Instead, remand is necessary so that the ALJ can properly address all of the limitations supported by the record, regardless of the conclusion ultimately reached.

D. <u>Testimony of the VE</u>.

Claimant next argues that the ALJ failed to include all of the limitations discussed above regarding Claimant's RFC in the hypothetical question to the VE, including Dr. Creamer's opined limitations and the need for the use of a cane. Doc. No. 35, at 28–31. Thus, the success of this argument is contingent on the success of others. As discussed above, remand this matter for further proceedings is necessary based on the ALJ's failure to adequately consider Claimant's need for use of a cane. Because the Court is unable to determine whether the RFC determination is supported by substantial evidence based on the ALJ's failure to adequately consider Claimant's need for use of a cane, the Court is likewise unable to determine that the hypothetical to the VE adequately reflected all of Claimant's limitations. *See, e.g.*, *Ortiz v. Saul*, No. 8:19-cv-199-T-CPT, 2020 WL 1527856, at *5–6 (M.D. Fla. Mar. 31, 2020) ("Because the ALJ's RFC findings require clarification with respect to the Plaintiff's need for a cane, the Plaintiff's second claim of error as to the completeness of the hypothetical questions the ALJ posed to the VE likewise compels remand. . . . [I]t is unclear whether the ALJ affirmatively rejected the Plaintiff's need for a cane and this uncertainty precludes the Court from properly evaluating the ALJ's vocational finding."); *Borroto v. Comm'r of Soc. Sec.*, No. 2:17-cv-673-FtM-99CM, 2019 WL 488327, at *6 (M.D. Fla. Jan. 8, 2019*), report and recommendation adopted*, 2019 WL 290599 (M.D. Fla. Jan. 23, 2019) (when reversing social security appeal for the ALJ's failure to adequately consider the claimant's use of a cane, also reversing because the VE's testimony did not specify the effects of using a cane to ambulate would have on the sedentary jobs identified).

Accordingly, this assignment of error is also well taken. *See also Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (assessment of medical evidence and medical opinions is particularly important at step five of the sequential evaluation process "because the RFC articulated by the ALJ

will be used by the vocational expert to assess the claimant's ability to perform work" and for the VE's testimony to constitute substantial evidence, the ALJ's hypothetical questions to the VE "must accurately portray a claimant's physical and mental impairments").

E.  Remedy on Remand.

As a final matter, Claimant "requests that the decision of the Commissioner be reversed, and Disability Insurance benefits be granted to the Plaintiff under the Social Security Act, or, in the alternative, the case be remanded to the Commissioner for further consideration and appropriate application of the law." Doc. No. 35, at 38. Claimant provides no further argument or authority in support. *See id.*

A reversal for an award of benefits is only appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). Here, neither the reasons necessitating reversal nor the record establish that Claimant is disabled beyond a doubt, nor has Claimant made any argument that she has suffered an injustice. Accordingly, the Court rejects Claimant's request to remand the case for an award of benefits, and, instead, will remand the matter for further proceedings.

V. **CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record